UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TASHIA SCOTT and MARCUS SCOTT,<br><br>Plaintiffs,<br><br>v.<br><br>TOM LEWIS, et al.,<br><br>Defendants. | No. 2:24-cv-02137-TLN-SCR<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiffs are proceeding pro se in this matter, which is referred to the undersigned pursuant to Local Rule 302(c)(21). Defendants filed a Motion to Dismiss (ECF No. 3), to which Plaintiffs failed to respond. Pursuant to Local Rule 230(c) and (g) this matter was submitted without oral argument. The Court recommends that the Motion to Dismiss be granted.

**I.      Procedural History and Background**

Plaintiffs originally filed this action as a small claims case in Yolo County Superior Court on July 19, 2024. ECF No. 1-1 at 2. The complaint alleges that Defendants Tom Lewis and Misty Blue caused Plaintiffs' vehicle to be illegally towed, committed fraud in authorizing the tow, and engaged in harassing behavior concerning the tow—such as "mocking, teasing, [and] provoking." ECF No. 1-1 at 6. Plaintiffs demanded $5,000 each. ECF No. 1-1 at 4. The Complaint alleged that Defendant Tom Lewis is the "Senior Manager Postal Services," and Defendant Misty Blue is a "U.S. Postal Secretary." ECF No. 1-1 at 3, 5. Plaintiffs also indicated on the form Complaint

////

1

that they were not suing a public entity and had not filed a written claim against the entity. ECF No. 1-1 at 4.[1]

Defendants timely removed the action to this Court on August 8, 2024. ECF No. 1. In so doing, Defendants filed a Certification of Federal Employment stating that at the time of the incidents alleged in the complaint "Defendants Tom Lewis and Misty Blue were federal employees of the United States Postal Service and were acting within the course and scope of such federal employment." ECF No. 1-2. Defendants removed the action under the authority of 28 U.S.C. § 1442(a)(1).

## II.    Defendants' Motion to Dismiss (ECF No. 3)

Defendants Motion to Dismiss is brought under Rule 12(b)(1) and argues that the Court lacks subject matter jurisdiction on three grounds: 1) derivative jurisdiction doctrine; 2) the Federal Employee Compensation Act, 5 U.S.C. § 8102(a), requires the claim be brought to the Secretary of Labor; and 3) Plaintiffs did not exhaust administrative remedies under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675(a). ECF No. 3. Additionally, Defendants argue that Plaintiffs' small claims complaint named the wrong parties by naming Tom Lewis and Misty Blue individually. As Defendants argue, because they are federal employees and were acting within the scope of their employment, under the FTCA, the United States is the only entity that may be sued for injuries arising from their negligence or wrongful act or omission. ECF No. 3-1 at 9.

Defendants filed the Motion to Dismiss on August 14, 2024, and an opposition was due by August 28, 2024. LR 230(c). No timely response was filed, and Defendants then filed a reply (ECF No. 5) on September 13, 2024, which pointed out the failure to respond. Plaintiffs have still not filed an opposition. Pursuant to Local Rule 230(c): "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."

On a Rule 12(b)(1) motion, the defendant may "rely on affidavits or any other evidence properly before the court." *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989). "It then becomes necessary for the party opposing the motion to present affidavits or any other evidence

---

[1] The form Complaint states: "If yes, you must file a written claim with the entity first. A claim was filed on (date): _____." ECF No. 1-1 at 4. Plaintiffs left this portion blank.

2

necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." *Id*. While Defendants suggest multiple grounds for dismissal, the Court finds Defendants' FTCA-focused argument clearly demonstrates the absence of jurisdiction.

The FTCA constrains when and how individuals can seek redress for torts committed by federal employees while acting within the scope of their employment. Generally, the United States is the only party that may be sued for injuries arising from the negligence or wrongful act or omission of its employees. 28 U.S.C. §§ 1346(b), 2679(b). "Under the [FTCA's] exclusive remedies provision, a plaintiff generally cannot sue an employee [of the United States] where the FTCA would allow him to sue the United States instead." *Simmons v. Himmelreich*, 578 U.S. 621, 627-28 (2016). In other words, a suit for "loss of property" under the FTCA based on "the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment *is exclusive of any other civil action or proceeding* for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim[.]" 28 U.S.C. § 2679(b)(1) (emphasis added). Unrebutted information in the record indicates that Defendants were "acting with the course and scope of [their] federal employment at the time of the incidents alleged in the Complaint." ECF No. 1-2. The Court accordingly concludes that an FTCA action against the United States would be the exclusive method for Plaintiffs to seek judicial redress for Defendants' alleged torts.

An FTCA claim in federal court requires exhaustion of administrative remedies. *See* 28 U.S.C. § 2675(a); *D.L. by and through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017). "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *D.L. by and through Junio*, 858 F.3d at 1244. The FTCA's exhaustion requirement is "jurisdictional and may not be waived." *Id.* Here, the complaint does not allege that administrative remedies were exhausted, and in fact the complaint indicates that no administrative claim was even submitted. There is thus no jurisdiction over any FTCA claims Plaintiffs might otherwise file. The Court recommends the Motion to Dismiss be granted.

////

### III. Conclusion

Plaintiffs originally filed this as a small claims matter in state court. Defendants argue this court lacks subject matter jurisdiction. Plaintiffs have not provided any opposition to the Motion. Defendants request that the dismissal be without leave to amend. ECF Nos. 3, 5. The Court concurs that dismissal without leave to amend is appropriate given Plaintiff's non-opposition to the Motion. However, a dismissal for lack of jurisdiction is generally without prejudice. *Missouri ex rel Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017).

Accordingly, **IT IS HEREBY RECOMMENDED** that Defendants' Motion to Dismiss (ECF No. 3) be GRANTED and this action be dismissed without prejudice and closed.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, either party may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 1, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE